# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

VANESSA L. TROTH,

    Plaintiff,

v.

                                    Case No. 3:19-cv-02951

MONITRONICS INTERNATIONAL, INC.
d/b/a BRINKS HOME SECURITY,

    Defendant.

## COMPLAINT

NOW COMES Plaintiff, VANESSA L. TROTH, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, MONITRONICS INTERNATIONAL, INC. d/b/a BRINKS HOME SECURITY, as follows:

## NATURE OF THE ACTION

1.    This action is seeking redress for Defendant's violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1334.

4.    Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

5.    VANESSA L. TROTH ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Kansas City, Missouri.

6.    Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.      Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8.      MONITRONICS INTERNATIONAL, INC. d/b/a BRINKS HOME SECURITY ("Brinks") is a corporation organized under the laws of Delaware.

9.      Brinks has its principal place of business at 1990 Wittington Place, Dallas, Texas 75234.

10.     Brinks is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0803.

11.     At all times relevant, Plaintiff's number ending in 0803 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12.     At all times relevant, Plaintiff was financially responsible for her cellular telephone services.

13.     Plaintiff purchased a home security system from Brinks.

14.     In connection with this purchase, Plaintiff entered into a Monitoring Services Agreement ("Agreement") with Brinks.

15.     Several months ago, Plaintiff fell behind on monthly payments pursuant to this Agreement.

16.     As result, Plaintiff started to receive collection phone calls from Brinks.

17.     In August or September, Plaintiff answered Brinks' call.

18.     Plaintiff answered, was met by clear pause, and was forced to say "*Hello, Hello, Hello*" prior to being connected to Brinks' representative.

2

19.     Plaintiff explained that she had become her elderly father's primary caretaker and had her own surgery; as result, suffered financial hardship.

20.     Plaintiff informed Brinks' representative that she can not make payments.

21.     Plaintiff then explicitly instructed Brinks to stop calling.

22.     Regrettably, these phone calls continued at an alarmingly high rate.

23.     Plaintiff receives 5-6 phone calls on some days; and has received up to **12** phone calls in one day from Brinks' number – (844)422-7849.

24.     On multiple occasions, Plaintiff has answered.

25.     Each subsequent time, Plaintiff was met by clear pause and was forced to say "*Hello, Hello, Hello*" prior to being connected to Brinks' representative.

26.     All in all, Plaintiff has received dozens of *unconsented-to* phone calls from Brinks.

27.     Brinks' unconsented-to phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

28.     Concerned with violation(s) of protections afforded by pertinent consumer laws, Plaintiff sought counsel to ensure that Brinks's unlawful collection practices stopped.

29.     Accordingly, Plaintiff has been forced to expend energy/time consulting with attorneys to file this action.

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

30.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31.     Brinks placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

32.     Upon information and belief, based on the clear pause Plaintiff experienced, Brinks employed an ATDS to place calls to Plaintiff's cellular telephone.

33.     Upon information and belief, the ATDS employed by Brinks transfers the call to a live representative once a human voice is detected, hence the clear pause.

34.     Upon information and belief, the ATDS employed by Brinks has the ***capacity*** – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

35.     Upon information and belief, Brinks acted through its agents, employees, and/or representatives at all times relevant.

36.     As a result of Brinks's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

37.     As a result of Brinks's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Brinks violated 47 U.S.C. § 227 *et seq.*;

B.     an award of statutory damages of at least $500.00 for each and every violation;

4

C.      an award of treble damages of up to $1,500.00 for each and every violation; and

D.      an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Texas Debt Collection Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)**

38.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Tex. Fin. Code Ann. § 392.302**

39.     Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

(4)      causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

40.     Brinks violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's request that Brinks stop calling.

41.     Brinks violated Tex. Fin. Code Ann. § 392.302(4) by placing – on average – 5-6 phone calls daily to Plaintiff despite Plaintiff's request that Brinks stop calling.

42.     Brinks violated Tex. Fin. Code Ann. § 392.302(4) by placing 12 phone calls to Plaintiff in one day despite Plaintiff's request that Brinks stop calling.

43.     Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a)      A person may sue for:

(1)      injunctive relief to prevent or restrain a violation of this chapter; and

(2)      actual damages sustained as a result of a violation of this chapter.

(b)     A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.      a finding that Brinks violated Tex. Fin. Code Ann. § 392.302(4);

B.      an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.      an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.      an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.      an award of such other relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 13, 2019                                          Respectfully submitted,

**VANESSA L. TROTH**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

6